1   **ALEXIS GALINDO SBN 136643**
2   **MAXIMILIANO GALINDO SBN 328187**
    **CURD GALINDO & SMITH LLP**
3   301 East Ocean Blvd., Suite 1700
    Long Beach, CA 90802-4828
4   Telephone:  (562) 624-1177
5   Facsimile:   (562) 624-1178
    agalindo@cgsattys.com
6   www.cgslawyers.com
7
8   Attorneys for Plaintiff
9   RONALD BYRD
10
11              **UNITED STATES DISTRICT COURT**
12              **CENTRAL DISTRICT OF CALIFORNIA**
13
14  RONALD BYRD,                    )
15                                  )   CASE NO:  2:20-cv-00117
            Plaintiffs,             )
16                                  )
    vs.                             )
17                                  )   **COMPLAINT FOR DAMAGES**
18  OFFICER OCHOA #274;             )   **AND DEMAND FOR JURY TRIAL**
    OFFICER SALAZAR # 491           )
19  CITY OF WHITTIER and DOES 1     )
20  through 10, Jointly and Severally, )
                                    )
21          Defendants.             )
                                    )
22                                  )
                                    )
23  ˮ                               )
                                    )
24  ─────────────────────────────  )
25
26      Plaintiff, by and through his attorneys, CURD, GALINDO & SMITH LLP, for
27  his Complaint against Defendants, states as follows:
28

**INTRODUCTION**

1.      This is a civil rights action arising from Defendants' use of excessive force and negligence, resulting in the maiming of RONALD BYRD, a resident of Los Angeles County on March 15, 2018, at 11332 Washington Blvd., Whittier, CA, County of Los Angeles, State of California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

2.      Venue is proper in the Central District of California. The injury occurred in the City of WHITTIER, County of Los Angeles, California.

**<u>JURISDICTION AND VENUE</u>**

3.      This is a civil rights action arising from Defendants' use of excessive force and negligence, resulting in the maiming of RONALD BYRD on March 15, 2018, at 11332 Washington Blvd., Whittier, CA, County of Los Angeles, State of California.  This action is brought pursuant to 42 USC §§ 1983 and 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.  Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide claims arising under state law.  The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

## PARTIES AND PROCEDURE

4.     Plaintiff brings these claims on the basis of the 42 USC §§ 1983 and 1988, the United States Constitution, and federal and state civil rights law.

5.     Defendant CITY OF WHITTIER is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the WHITTIER Police Department ("WPD") which employs other defendants in this action.

6.     Based on information and belief, Defendants Officer Ochoa #274 and Officer Salazar 491 at all material times were residents of Los Angeles County and employed as law enforcement officers by Defendant CITY OF WHITTIER, and were acting within the course and scope of that employment.  Defendants DOES 1 through 10 are being sued in their individual capacity.

7.     Plaintiff is informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in

some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

8.      Plaintiff is informed and believes, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

9.      The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the WPD.

10.      At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

11.     Plaintiff herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitation. Said claims were denied on November 22, 2019.

12.     This complaint may be pled in the alternative pursuant to FRCivP 8(e)(2).

## **GENERAL ALLEGATIONS**

13.     Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth herein.

14.     This Complaint concerns an extremely tragic incident that began in the early morning hours on March 15, 2018, near a bar located at 11332 Washington Blvd Whittier, CA.   Plaintiff RONALD BYRD was waiting for a ride to go to his home after spending the evening at a bar near where the incident occurred.   The Plaintiff was walking when he was approached by unknown people.   Bright lights were put in his face and Plaintiff was blinded and confused.   Suddenly and without provocation, Defendants Officer Ochoa #274 and Officer Salazar 491of the WHITTIER Police Department caused injury to Plaintiff.   Officer Ochoa #274 and Officer Salazar 491 and others, acted while in the course and scope of their employment as police officers for the City of WHITTIER, and further acted with excessive force as the Plaintiff RONALD BYRD was in a submissive position and had surrendered to officers.

1
2
3

      The City of WHITTIER and its employees, violated the Plaintiff's civil rights and constitutional rights including unlawful search and seizure.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

Defendants Officer Ochoa #274 and Officer Salazar 491, of the WHITTIER Police Department, along with other officers of the WHITTIER Police Department whose names are presently unknown to Plaintiffs, while in the course and scope of their employment as police officers for the City of WHITTIER, acted with excessive force when they made or caused to be made unlawful contact with Plaintiff's RONALD BYRD person without justification. Officer Ochoa #274 and Officer Salazar 491 struck Plaintiff, RONALD BYRD multiple times to his body.  The acts of Officer Ochoa #274 and Officer Salazar 491, of the WHITTIER Police Department and others employed by the WHITTIER Police Department whose names are presently unknown to Plaintiff, were unreasonable, in light of the facts and circumstances confronting them on the early morning hours of March 15, 2018.  Plaintiff suffered multiple abrasions/lacerations to his legs and hips and lower groin area and emotional distress.

21
22
23
24
25
26

     15.    WPD Police Officers had never dealt with RONALD BYRD on previous occasions in the past and the WPD was unfamiliar with Plaintiff RONALD BYRD. The Plaintiff was not causing any danger to any third party, he was not a threat to the officers.

27
28

     16.    Defendants Officer Ochoa #274 and Officer Salazar 491 of the WHITTIER Police Department, and DOES 1 through 10, failed to give any warning

to RONALD BYRD, before deploying the physical beating onto Plaintiff, even though a warning would have been feasible and proper.

17.    At the time that Defendants Officer Ochoa #274 and Officer Salazar 491 of the WHITTIER Police Department, and DOES 1 through 10, exercised deadly force against RONALD BYRD , did not pose a significant and/or immediate threat of death or serious physical injury to Defendants or to anyone else.

18.    At all material times, RONALD BYRD was neither armed nor dangerous.

19.    Alternatively, or concurrently, defendants excessive and unreasonable actions created a risk of harm to RONALD BYRD.

20.    Defendants Officer Ochoa #274 and Officer Salazar 491 of the WHITTIER Police Department, and DOES 1 through 10, conduct herein, including but not limited to their decision(s) to stop and seize RONALD BYRD, the manner in which they conducted that stop and seizure, their failure to communicate with Plaintiff , their failure to warn that deadly force will be used, their use of deadly force, and that their conduct, was contrary to generally accepted reasonable police procedures and tactics, and caused the injuries to RONALD BYRD.

21.    At all material times, and alternatively, the actions and omissions of each of the defendants was intentional, wanton and/or willful, shocking to the conscience, reckless disregard, malicious, deliberately indifferent to Plaintiff's rights, and done with actual malice, gross negligence, negligence, and was objectively unreasonable.

22.   As a direct and proximate result of each Defendants Officer Ochoa #274 and Officer Salazar 491 of the WHITTIER Police Department and DOES 1 through 10, acts and/or omissions as set forth above, Plaintiff sustained the following injuries and damages, past and future, among others:

a.   Severe physical and mental injuries to RONALD BYRD;

b.   Hospital and medical expenses for the past and future;

c.   Severe Emotional distress

d.   Violation of constitutional rights;

e.   All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

f.   RONALD BYRD's conscious pain and suffering, pursuant to federal civil rights law;

**COUNT ONE**
**-- 42 USC §1983 --**
**PLAINTIFF AGAINST DEFENDANT OFFICERS Defendants Officer Ochoa #274 and Officer Salazar 491of the WHITTIER Police Department DOES 1 through 10**

23.   Plaintiff re-alleges, each and every paragraph in this complaint as if fully set forth herein.

24.   By the actions and omissions described above, Defendants Officer Ochoa #274 and Officer Salazar 491 of the WHITTIER Police Department, and DOES 1 through 10, violated 42 USC §1983, depriving Plaintiff of the following

clearly-established and well-settled constitutional rights protected by the Fourth and

Fourteenth Amendments to U.S. Constitution:

    a.  The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b.  The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c.  The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments;

    d.  The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

25. Defendants Officer Ochoa #274 and Officer Salazar 491 of the

WHITTIER Police Department, and DOES 1 through 10, subjected Plaintiffs to their

wrongful conduct, depriving Plaintiffs of rights described herein, knowingly,

maliciously, and with conscious and reckless disregard for whether the rights and

safety of Plaintiff would be violated by their acts and/or omissions.

26. As a direct and proximate result of Defendants Officer Ochoa #274 and

Officer Salazar 491 of the WHITTIER Police Department, and DOES 1 through 10,

acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as

set forth at paragraph 22, above.

27. The conduct of Defendants entitles Plaintiff to punitive damages and

penalties allowable under 42 USC §1983 as against the individual officers.

28.     Plaintiff is also entitled to reasonable costs and attorney fees under 42 USC §1988 and applicable California codes and laws.

## COUNT TWO
### -- VIOLATION OF CALIFORNIA CIVIL CODE §52.1 --
### PLAINTIFF AGAINST DEFENDANTS Officer Ochoa #274 and Officer Salazar 491of the WHITTIER Police Department DOES 1 through1 0

29.     Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

30.     By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments;

    c. The right to be free from the unreasonable use of deadly force as secured by the Fourth and Fourteenth Amendments;

    d. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment;

    e. The right to be free from wrongful government interference with familial relationships, and Plaintiffs' right to companionship and society with each other, as secured by the First, Fourth and Fourteenth Amendments;

f.  The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

g.  The right to life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

h.  The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

i.  The right to protection from bodily restraint, harm, or personal insult, as secured by Cal. Civil Code § 43.

31.  As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiff sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at ¶¶ 20, 25 and 26, and punitive damages against Defendants  in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, and civil penalties.

**COUNT THREE**
**-- NEGLIGENCE; PERSONAL INJURIES --**
**PLAINTIFF AGAINST Defendants Officer Ochoa #274 and Officer Salazar 491**
**of the WHITTIER Police Department :**
**CITY OF WHITTIER,**
**DOES 1 through 10**

32.     Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

33.     At all times, each Defendants owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

34.     At all times, each Defendants owed Plaintiff the duty to act with reasonable care.

35.     These general duties of reasonable care and due care owed to Plaintiff by all Defendants include but are not limited to the following specific obligations:

    a.     to refrain from using excessive and/or unreasonable force against RONALD BYRD;

    b.     to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

    c.     to refrain from abusing their authority granted them by law;

    d.     to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

36.     Additionally, these general duties of reasonable care and due care owed to Plaintiff by Defendant CITY OF WHITTIER and Defendants Officer Ochoa #274 and Officer Salazar 491 of the WHITTIER Police Department, and DOES 1 through 10, includes but are not limited to the following specific obligations:

    a.     to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b.   to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including Plaintiffs'.

c.   to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at paragraph 29, above.

37.   Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

38.   As a direct and proximate result of Defendants negligence, Plaintiff sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above at ¶¶ 20, 25 and 26, and punitive damages against Defendants in their individual capacities.

### COUNT FOUR
### -- ASSAULT AND BATTERY --
### RONALD BYRD AGAINST DEFENDANTS Defendants Officer Ochoa #274 and Officer Salazar 491 of the WHITTIER Police Department; DOES 1 through 10

39.   Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.

40.   The actions and omissions of Defendants as set forth above constitute assault and battery.

41.   As a direct and proximate result of Defendants Officer Ochoa #274 and Officer Salazar 491 of the WHITTIER Police Department, and DOES 1 through 10, assault and battery of RONALD BYRD, Plaintiff sustained injuries and damages, and

1  is entitled to relief as set forth above at ¶¶ 20, 25, and 26, and punitive damages

2  against Defendants in their individual capacities.

3

4  **JURY DEMAND**

5  Plaintiff hereby demands a trial by jury on all issues.

6

7

8  DATED:  January 3, 2020                    **CURD, GALINDO & SMITH, LLP**

9

10                                             /s/ **Alexis Galindo**
                                               ALEXIS GALINDO
11                                             Attorneys for Plaintiff
                                               RONALD BYRD
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28